ALBERT L. MURDOCK *vs.* GEORGE R. SWASEY & others.
SAME *vs.* SAME.

Suffolk.    March 13, 16, 1903. — June 18, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Building Laws.    Words,* "Enlarged."

A building in Boston maintained as a hotel before the enactment of St. 1892, c. 419, is enlarged as a hotel within the meaning of that act as amended by St. 1900, c. 321, and required to be a first class building, if the walls are carried up and a slanting roof is replaced by a flat one enclosing a space which before the alteration was outside of the building, although the new roof is below the height of the former ridge pole.

LORING, J.    This is a petition for a writ of mandamus to compel the board of appeal from the building commissioner of the city of Boston to issue a permit to the petitioner to make alterations in a hotel, called the Hotel Bartol, which has been owned by him continuously since a time prior to the enactment of St. 1892, c. 419, the building laws of the city of Boston, under which the question arises.    The case was reserved for this court upon the petition and answer of the board of appeal, together with a petition for a writ of certiorari to secure the same remedy.

No objection was made to the jurisdiction of the court on the part of the board of appeal, and it was agreed that if mandamus does not lie and that certiorari does lie, relief shall be given under this agreement.    We shall consider the case without regard to the question of remedy.

By the provisions of § 24 of the original act, it is provided (1) that buildings thereafter erected over seventy feet in height or thereafter increased to over that height, must be first class buildings, and (2) so must every building erected or enlarged as a hotel for the accommodation of transient guests and containing more than fifty rooms above the first floor.

By the amendment to the original act made by St. 1900, c. 321, the law is made more stringent.    Under that act the first class mentioned above includes not only buildings erected

or raised to over seventy feet but also certain schoolhouses, and the second class includes buildings thereafter erected, enlarged or converted to use as a lodging house or tenement house for more than two families above the second floor, as well as erected or enlarged for use as a hotel..

The act as it now stands provides in the interest of the public safety that .all buildings thereafter erected to be used as a hotel of any kind or as a lodging house or tenement house of the kind specified shall be a first class dwelling; it allows buildings theretofore used for any one of these purposes to continue to be so used so far as this requisite goes, but it provides that if they are enlarged for use in one of these three ways they must be made of first class construction even if they had been previously so used.

The petitioner's building in the case at bar has a slanting roof. The proposed alteration consists in making the top story under the slanting roof into two stories and carrying up the outside walls but keeping the new roof below the line of the present ridge pole, and his contention is that this is not an enlargement because the height of the building is not increased. But this statute applies to any building used as a hotel, no matter how high, as well as to buildings over seventy feet high, no matter how used.

The petitioner argues that if this is an enlargement, one room could not be added to an existing hotel building without thereby bringing the building within the act. If the new room took in what was before outside the walls and roof of the building, in our opinion it would be an enlargement within the act. Whether it would be an enlargement if it did not, is not now before us. We are of opinion that the alteration in question constituted an enlargement, and the entry must be

    *Writ of mandamus denied; petition for certiorari denied.*

*G. R. Blinn,* for the petitioner.

*S. M. Child,* for the respondents.